In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-00995-CV
NO. 01-01-00996-CV
____________

JOHN F. BASS, Appellant

V.

REBECCA D. BASS, Appellee




On Appeal from the 328th District Court 
Fort Bend County, Texas
Trial Court Cause No. 01-CV-120459 




DISSENTING OPINION
            I respectfully dissent.
          This case involves certain property held by Husband prior to the divorce, but
not disclosed to the trial court or Wife prior to entry of the divorce decree. The
appeal of the divorce decree pended in this Court for two years. 
          After the entry of the “Final Decree of Divorce,” Wife discovered that Husband
had failed to disclose the following property that was in his name and under his
control prior to the entry of the divorce decree:
                    1. At least three bank accounts in the Cayman Islands; and
 2. Four condominium units in Quintana Roo, Mexico.
Wife sought, and obtained from the divorce court, a temporary injunction and an
order appointing a receiver to preserve the three bank accounts and the condominiums
pending a division of the property by the divorce court.
          The majority opinion holds that the trial court had no jurisdiction to grant the
temporary relief because the appeal of the divorce decree was still pending in our
Court when the trial court entered its orders. I disagree. The divorce decree that was
appealed did not dispose of the three Cayman Island bank accounts nor the four
condos in Mexico, and therefore we did not have before us for review any issue
dealing with that property. As explained below, the Texas Family Code specifically
provides for the handling of a situation like this, and the Legislature has made it clear
that the trial court has continuing jurisdiction over this matter.
DISCUSSION
          The Family Code provision that grants the trial court continuing jurisdiction
in this matter, section 9.203, provides as follows:
          (a) If a court of this state failed to dispose of
property subject to division in a final decree of divorce or
annulment even though the court had jurisdiction over the
spouses or over the property, the court shall divide the
property in a manner that the court deems just and right,
having due regard for the rights of each party and any
children of the marriage.



Tex. Fam. Code Ann. § 9.203 (Vernon 1997). In discussing the predecessor statute
to Section 9.203 (Section 3.91(a)), one treatise has explained the significance of the
statute:

Prior to 1987, if the trial court failed to divide some part of
the estate of the parties, the ex-spouses became tenants in
common with a presumption that their interests in the
property were equal. Since 1987, however, the enactment
of Subchapter F of the Texas Family Code has modified the
law regarding property not divided upon divorce and
permits the court to make a “just and right” division of
such property even in a postdivorce suit.

 


39 Aloysius A. Leopold, Texas Practice: Marital Property & Homesteads
§ 20.19 (1993).

1. Four Condominiums in Mexico

          Not only is there no mention in the divorce decree of the four condominiums
in Quintana Roo, Mexico, the divorce decree makes absolutely no mention of any real
estate, or any interest in real estate. The majority opinion ignores this fact. The
divorce decree specifically deals with the possibility that there may be assets not
covered by the decree, stating: “IT IS ORDERED AND DECREED that any assets
of the parties not awarded or divided by this Final Decree of Divorce are subject to
future division as provided in the Texas Family Code.” The Texas Family Code
specifically provides that such undivided assets shall be divided by the divorce court
“in a manner that the court deems just and right, having due regard for the rights of
each party and any children of the marriage.” Tex. Fam. Code Ann. § 9.203 (Vernon
1997). The Texas Family Code also authorizes the divorce court to issue temporary
orders to protect marital property until it can be divided. Tex. Fam. Code Ann. §§
6.501, 6.502 (Vernon Supp. 2003).

          There is no doubt in my mind that the trial court had jurisdiction to enter the
temporary orders in this case as to the four condominium units in Mexico. 

2. Bank Accounts in the Cayman Islands

          The “Final Decree of Divorce” provides for the disposition of “All funds in the
name of JOHN F. BASS including funds on deposit, together with accrued but unpaid
interest, in banks, savings institutions, or other financial institutions, which are
subject to JOHN F. BASS’s sole control.” On its face, it appears the divorce decree
covers the bank accounts in the Cayman Islands. However, it is uncontested that, at
the time of the divorce decree, neither the trial court nor Wife was aware of the
Cayman Islands bank accounts. According to the record, Husband had stated under
oath that he had no funds, no stocks and no monies other than approximately
$4000.00. 

          If it is clear from the record that the divorce court did not consider or 
contemplate certain marital property when it entered the divorce decree, then such
marital property remains undivided. See Thompson v. Thompson, 500 S.W.2d 203,
206-09 (Tex. Civ. App.—Dallas 1973, no writ). In the present case, it is clear from
the record that the trial court did not consider or contemplate the bank accounts in the
Cayman Islands, and therefore the trial court’s decree failed to dispose of those bank
accounts. Accordingly, the trial court has continuing jurisdiction, under section 9.203
of the Family Code, to divide those bank accounts, as well as the authority to issue
temporary orders to protect the bank accounts until they can be divided, pursuant to
sections 6.501 and 6.502 of the Family Code.

CONCLUSION

          Because the divorce decree did not dispose of the bank accounts in the Cayman
Islands nor the four condominiums in Mexico, the appeal of the divorce decree
brought by Husband did not bring before us any issue dealing with such property. 
“The role of an appellate court is only to determine whether the trial court abused its
discretion in its disposition of the community property and an appellate court does not
have the authority to render judgment dividing the marital property.” Robles v.
Robles, 965 S.W.2d 605, 621 (Tex. App.—Houston [1st Dist.] 1998, pet. denied).

          The trial court in the present case has had continuing jurisdiction over the
property that was not disposed of in the final decree of divorce. Accordingly, we
should overrule Husband’s first issue, and we should reach the merits of his
remaining issues.

 
                                                                        Margaret Garner Mirabal




                                                                        Justice

 

 

Panel consists of Justices Taft, Alcala, and Mirabal.



Justice Mirabal, dissenting.